IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARLENE LEON | : |
| Plaintiff | : |
| vs. | : Civil Action No. 06-0530 PLF |
| THE UNITED STATES OF AMERICA | : |
| Defendant | : |

### STIPULATION OF DISMISSAL WITH PREJUDICE AND AGREEMENT OF SETTLEMENT

Pursuant to Fed. R. Civ. P. 41(a)(1), it is hereby stipulated and agreed by and between Marlene Leon ("Plaintiff"), and the United States of America ("Defendant") as follows.

1. **Agreement to Settle.** Plaintiffs and Defendant hereby agree to settle and compromise, in accordance with the terms and conditions set forth herein, the above-captioned civil action and all other claims arising from or related to the occurrence complained of in the complaint in this action in which Plaintiff allegedly suffered personal injuries on or about April 12, 2003, at approximately 9:00 p.m., while walking on the stairs connected to the plaza of The Ronald Reagan Building and International Trade Center located at 1300 Pennsylvania Avenue, N.W. in Washington, D.C. ("Occurrence").

2. **Payment by Defendant.** Defendant shall, subject to the terms and conditions set forth herein, pay Plaintiff the following sum in full and final satisfaction of all of Plaintiff's claims arising from or related to the Occurrence, including but not limited to Plaintiff's claims for medical expenses, property damage, pain and suffering, attorney fees, costs, and other litigation expenses, and interest or other compensation for delay: Twenty Five Thousand Dollars ($25,000.00). It is understood that any and all attorney fees owed by Plaintiff will be paid by Plaintiff in accordance with 28 U.S.C. § 2678.

3. **Payment Terms.** The sum specified in paragraph 2 shall be payable to Plaintiff and their attorney of record, Marvin Waldman, 2815 University Blvd West, Kensington, MD 20895. Payment shall be made as promptly as practicable consistent with the normal processing procedures of Defendant.

4. **Tax Liability.** Plaintiff understands that she assumes full responsibility for any and all tax consequences of receipt of this payment.

Page 1 of 4

*Marlene Leon* (signature)

5. **Agreement to Dismissal with Prejudice.** Plaintiff agrees that the above-captioned civil action shall be dismissed with prejudice, subject to the Court's retention of jurisdiction to enforce the terms of this Agreement, and that any and all other actions Plaintiff have brought in other forums on claims arising from or by reason the Occurrence shall also be dismissed with prejudice. Plaintiff further agrees to execute and deliver to Defendant any additional documents as may be necessary or appropriate to effectuate the dismissal or dismissals with prejudice.

6. **Waiver and Release.** Plaintiff waives and releases any and all currently existing actions, causes of action, suits, debts, accounts, contracts, agreements, judgments, claims, demands, and rights of every kind and nature, whether now known or unknown or asserted or unasserted, that arise from or by reason of the Occurrence, including without limitation all rights and claims for lost wages, medical expenses, property damage, pain and suffering, attorney fees, costs, and other litigation expenses, and interest or other compensation for delay. Plaintiff acknowledges that any and all attorney fees owed by Plaintiff will be paid by Plaintiff in accordance with 28 U.S.C. § 2678.

7. **No Further Proceedings.** Plaintiff agrees that she shall not hereafter institute or prosecute any civil action, administrative proceeding, or other proceeding of any type against Defendant United States, the General Services Administration, or any present or former employee, agent, representative, or contractor of those entities with respect to any matter arising from or by reason of the Occurrence.

8. **No Duress.** Plaintiff represents and warrants that, in entering into and executing this Stipulation and Agreement of Settlement: (a) she has relied on her own investigation and on the investigation of her own counsel; (b) she has been given a reasonable period of time within which to consider the terms and conditions of this Stipulation and Agreement of Settlement; and (c) she has voluntarily entered into this Stipulation and Agreement of Settlement without duress, coercion, or undue influence.

9. **No Admission.** This Stipulation and Agreement of Settlement has been entered into by Plaintiff and Defendant solely for the purposes of compromising disputed claims without further legal proceedings and avoiding the risks and expenses of litigation. Therefore, this Stipulation and Agreement of Settlement is not intended and shall not be deemed an admission by any party of the merit or lack of merit of the any other party's claims and/or defenses.

10. **Binding Effect.** This Stipulation and Agreement of Settlement shall be binding upon and shall inure to the benefit of the parties hereto and their respective heirs, personal representatives, successors, and assigns

11. **Complete Agreement.** This Stipulation and Agreement of Settlement sets forth the full and complete agreement of the parties with regard to the resolution of Plaintiff's claims

arising from or by reason of the Occurrence. There are no additional obligations, either oral or written, to be performed by any party beyond those set forth herein.

12. <u>Dismissal with Prejudice</u>. This Stipulation and Agreement of Settlement shall constitute a dismissal of this action with prejudice, except that the Court shall have jurisdiction to enforce the terms hereof, with each party to bear its own costs and attorney fees.

13. <u>Signature</u>. The parties agree that a facsimile of the signature of the parties and counsel will be considered to be, and have the same effect as original signatures.

IN WITNESS WHEREOF, the parties hereto, intending to be bound, have stipulated and agreed to the foregoing.

Dated as of June _____, 2007.


DATE: _June 1_, 2007


_____
MARLENE LEON
8454 TOLLHOUSE ROAD
ANNANDALE, VA 22003

Plaintiff

_[signature]_
Marvin Waldman
Bar Number: A29397
2815 University Blvd West
Kensington, MD 20895
301-933-4500
Attorney for Plaintiff

Executed this 5th day of June, 2007.

Judiciary Center Building
555 4th Street, N.W. B Civil Division
Washington, D.C. 20530
(202) 514-7238 514-8780 (Facsimile)
Benton.Peterson@usdoj.gov

_[signature]_
JEFFREY A. TAYLOR, BAR # 498610
United States Attorney

_[signature]_
RUDOLPH CONTRERAS, Bar # 434122
Assistant United States Attorney

_[signature]_
BENTON G. PETERSON, Bar #1029849
Assistant United States Attorney

Attorneys for Defendant

_____
UNITED STATES DISTRICT JUDGE